## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 10 2020, 9:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kelly Starling
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Justin F. Roebel
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

C.D.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner*

September 10, 2020

Court of Appeals Case No.
20A-JV-436

Appeal from the
Marion Superior Court

The Honorable
Marilyn Moore, Judge

The Honorable
Geoffrey Gaither, Magistrate

Trial Court Cause No.
49D09-1907-JD-876

**Vaidik, Judge.**

# Case Summary

[1] C.D. appeals the juvenile court's true finding that he committed what would be Level 6 felony battery against a public-safety official if committed by an adult, arguing that the court erred by admitting certain evidence. We affirm.

# Facts and Procedural History

[2] On July 26, 2019, Indianapolis Metropolitan Police Department officers took fourteen-year-old C.D. into custody and handcuffed him because they believed he possessed or had recently possessed a handgun. After he was handcuffed, an officer asked C.D. to sit down, but he refused to do so, yanked his arm away, and told the officer to "get his hands off of him." Tr. p. 17. A second officer assisted, and they were able to "place [C.D.] on the ground." *Id.* After he was on the ground, C.D., who was "belligerent and argumentative," "purposely" and "forcefully" "cock[ed]" his leg back and "struck" the second officer in the foot with the heel of his foot. *Id.* at 17, 18.

[3] The State filed a petition alleging that C.D. was a delinquent child for committing what would be Level 6 felony battery against a public-safety official if committed by an adult for "stomping" on the officer's foot.[1] Appellant's App. Vol. II p. 17. At the fact-finding hearing, C.D. asked the trial court to exclude

---

[1] The State also alleged that C.D. committed what would be Class A misdemeanor carrying a handgun without a license and Class A misdemeanor dangerous possession of a firearm if committed by an adult, but it dismissed these charges before the fact-finding hearing.

evidence of what happened after he was taken into custody, i.e., his alleged battery against the officer, arguing that the officers did not have reasonable suspicion to seize him. The court admitted the evidence and entered a true finding for battery against a public-safety official.

[4] C.D. now appeals.

# Discussion and Decision

[5] C.D. contends that his seizure was unreasonable under Article 1, Section 11 of the Indiana Constitution because the officers "did not have information to believe [he] committed a crime" and that therefore the juvenile court should have excluded the evidence of what happened after he was taken into custody, i.e., his alleged battery against the officer. Appellant's Br. p. 11. However, even if C.D. was illegally seized in violation of Article 1, Section 11, he is not entitled to any relief.

[6] In *C.P. v. State*, this Court held that if a suspect commits a "new and distinct" crime in response to an illegal search or seizure by law enforcement, evidence of that new crime is admissible under the new-crime exception to the exclusionary rule under the Indiana Constitution. 39 N.E.3d 1174, 1183 (Ind. Ct. App. 2015), *trans. denied*; *see also Wright v. State*, 108 N.E.3d 307, 314 (Ind. 2018) (acknowledging this Court's adoption of the new-crime exception in *C.P.*); *K.C. v. State*, 84 N.E.3d 646, 650 (Ind. Ct. App. 2017) (rejecting the juvenile's argument that *C.P.* was wrongly decided), *trans. denied*. We noted that

if evidence that a suspect committed a new crime in response to an illegal search or seizure was excluded, then "'suspects could shoot the arresting officers without risk of prosecution.'" *C.P.*, 39 N.E.3d at 1181 (quoting *United States v. Pryor*, 32 F.3d 1192, 1196 (7th Cir. 1994)).

[7] C.D. acknowledges this Court's opinion in *C.P.* but asks us to make an "exception" when the accused is a juvenile **and** "no harm or injury [is] caused by the juvenile's response." Appellant's Br. pp. 18, 21. C.D. then argues this exception would apply here because he is a juvenile and the officer did not testify that he "experienced any pain or harm as a result of his foot being struck by C.D.'s foot." *Id.* at 22. We decline to narrow the new-crime exception. First, any physical attack on a police officer has the potential to harm the officer, even if no harm is ultimately inflicted. And second, any physical attack on a police officer can lead to responsive force by the officer, which could easily escalate the encounter into something much more serious. Because the juvenile court properly admitted the officer's testimony that C.D. "forcefully" stomped on his foot, we affirm the true finding for battery against a public-safety official.

[8] Affirmed.

Bailey, J., and Baker, Sr.J., concur.